UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL PATTERSON,<br><br>          Petitioner,<br><br>    v.<br><br>JO GENTRY, et al.,<br><br>          Respondents. | Case No. 2:17-cv-02131-JCM-VCF<br><br>**ORDER** |

Petitioner has filed unopposed motions for extension of time (ECF No. 28, ECF No. 30). The court grants the motions. However, in reviewing both the amended petition (ECF No. 19) and the motion to dismiss (ECF No. 27), the court has noticed an error in time calculation that the parties will need to address in the opposition to the motion to dismiss and the reply to the opposition. The court may bring such an error to the attention of the parties on its own motion. See Day v. McDonough, 547 U.S. 198, 202 (2006).

For the purposes of the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction became final when the Supreme Court of the United States denied a petition for a writ of certiorari on February 24, 2014. Ex. 10 (ECF No. 7-12). The one-year period started to run the next day, February 25, 2014. Respondents erroneously state that the one-year period ended at the end of February 25, 2015. However, the end of February 25, 2015, is 366 days after the start of the one-year period. The one-year period actually ended at the end of

1

the 365th day after the start of the one-year period, on February 24, 2015.  No weekends or holidays extended the deadline beyond that date.  Petitioner filed his state post-conviction habeas corpus petition on February 25, 2015.[1]  Ex. 12 (ECF No. 7-14).  With the corrected dates, petitioner filed his state habeas corpus petition after the federal one-year period of 28 U.S.C. § 2244(d)(1)(A) expired.[2]  Consequently, no time remained to be tolled under 28 U.S.C. § 2244(d)(2).  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Respondents argue in part in the motion to dismiss that the claims in the amended petition do not relate back to the original petition.  However, it appears that the original petition itself, filed on August 8, 2017, is untimely.  Relation back could not save claims if the original petition itself is untimely.  Petitioner states that he intends to demonstrate relation back, additional statutory tolling, or equitable tolling.  Petitioner will need to consider the correct dates when the federal one-year period expired and when he filed his state habeas corpus petition when he opposes the motion to dismiss.

IT THEREFORE IS ORDERED that petitioner's unopposed motions for extension of time (ECF No. 28, ECF No. 30) are **GRANTED**.  Petitioner will have through October 10, 2019, to file and serve an opposition to the motion to dismiss (ECF No. 27).

DATED: September 6, 2019.

_____
JAMES C. MAHAN
United States District Judge

---

[1] Initially, petitioner incorrectly stated that he filed his state post-conviction habeas corpus petition on February 24, 2015.  ECF No. 1, at 1-2.  Petitioner stated the correct date in his amended petition.  ECF No. 19, at 12.

[2] Because petitioner appealed the judgment of conviction, the state one-year period begins to run after the Nevada Supreme Court issued its remittitur on February 27, 2014.  Nev. Rev. Stat. § 34.726(1).  By filing the state petition on February 25, 2014, the state petition was timely under state law.

2