1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11    MICHAEL PATTERSON,                    Case No. 2:17-cv-02131-JCM-EJY

12                    Petitioner,           **ORDER**

13          v.

14    JO GENTRY, et al.,

15                    Respondents.

16

17    **I.      Introduction**

18          Before the court are the second amended petition for a writ of habeas corpus (ECF No.

19    19), respondents' motion to dismiss (ECF No. 27), the opposition of petitioner, Michael Patterson

20    (ECF No. 34), and respondents' reply (ECF No. 41).  The court finds that the petition is untimely,

21    and the court dismisses the action.

22    **II.     Legal Standard**

23          Congress has limited the time in which a person can petition for a writ of habeas corpus

24    pursuant to 28 U.S.C. § 2254:

25          A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court. The
26          limitation period shall run from the latest of—

27          (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
28

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). This tolling does not include time spent in certiorari proceedings before the Supreme Court of the United States after conclusion of state post-conviction review. Lawrence v. Florida, 549 U.S. 327, 331-36 (2007). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

**III.    Background**

After a jury trial, the state district court convicted Patterson of conspiracy to commit murder, first-degree murder with the use of a deadly weapon, and discharging a firearm at or into

2

1    a structure, vehicle, aircraft, or watercraft. Ex. 1 (ECF No. 7-3).[1] The state district court entered

2    its judgment of conviction on August 28, 2009. Id. Patterson appealed. The Nevada Supreme

3    Court affirmed on April 4, 2013. Ex. 5 (ECF No. 7-7). The Nevada Supreme Court denied

4    rehearing on July 24, 2013. Ex. 8 (ECF No. 7-10). The Nevada Supreme Court stayed issuance

5    of the remittitur on August 23, 2013, while Patterson petitioned the Supreme Court of the United

6    States for a writ of certiorari. Ex. 9 (ECF No. 7-11). On February 24, 2014, the Supreme Court

7    denied the petition for a writ of certiorari. Ex. 10 (ECF No. 7-12). On February 27, 2014, the

8    Nevada Supreme Court issued its remittitur. Ex. 11 (ECF No. 7-13).

9       On February 25, 2015, Patterson filed a post-conviction habeas corpus petition in the state

10   district court. Ex. 12 (ECF No. 7-14). Patterson then filed an amended petition on January 5,

11   2016. Ex. 14 (ECF No. 7-16 through 7-32). The state district court denied the amended petition

12   on September 15, 2016, and issued a written notice of the decision on September 19, 2016. Ex.

13   17, 18 (ECF No. 7-35, 7-36). Patterson appealed. The Nevada Supreme Court affirmed on July

14   11, 2017. Ex. 22 (ECF No. 7-40). The Nevada Supreme Court issued its remittitur on August 7,

15   2017. Ex. 23 (ECF No. 7-41).

16       On August 8, 2017, Patterson's state post-conviction counsel filed the initial petition for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court appointed the Federal Public

18   Defender to represent Patterson. Patterson then filed his first amended petition on December 14,

19   2017, and he filed his second amended petition on June 15, 2018. ECF No. 15, 29. Respondents'

20   motion to dismiss (ECF No. 27) followed.

21   **IV.**     **Discussion**

22       **A.**      **The court will consider the timeliness of this action sua sponte**

23       Patterson first argues that the court should accept respondents' position that the action

24   itself is timely filed and that many of the grounds in the second amended petition are timely.

25   Patterson also argues that the court should not raise the issue of timeliness sua sponte. ECF No.

26   34 at 5-6. The court disagrees. First, Patterson himself acknowledged the timeliness problem at

27

28
---
[1] Both petitioner and respondents have filed exhibits. The enumeration of respondents' exhibits begins where the enumeration of petitioner's exhibits ends.

1    the outset of this action.  In filing a motion for appointment of counsel along with the initial

2    petition, his state-court post-conviction counsel wrote, "The undersigned is filing this motion,

3    along with a brief initial petition, to ensure that Mr. Patterson's case (already past the time bar)

4    does not fall even further behind."  ECF No. 2 at 2 (emphasis added).  The court's preliminary

5    calculations confirmed that.  Then, respondents did not waive the defense of timeliness in their

6    motion to dismiss.  They raised it, just in an incomplete way.  Respondents in their reply now

7    acknowledge their error in their calculations.  ECF No. 41, at 2.  The court has notified Patterson

8    of the problem with the timeliness of this action and given him the opportunity to respond.  The

9    timeliness of the action itself is properly before the court.

10       **B.       The action is not timely under 28 U.S.C. § 2244(d)**

11       The federal one-year period started on February 25, 2014, the day after the Supreme Court

12   of the United States denied Patterson's petition for a writ of certiorari.  The one-year period

13   expired at the end of February 24, 2015.  Patterson filed his state post-conviction habeas corpus

14   petition on February 25, 2015.

15       Patterson has presented multiple arguments why the court should consider the first

16   amended petition and the second amended petition timely.  They apply with equal force to the

17   original petition.  However, either the Supreme Court or the courts of appeals already have

18   answered those questions not in Patterson's favor.

19       **1.       Patterson's motion for appointment of counsel was not a properly filed**

20   **state post-conviction petition**

21       Patterson argues that the court should determine that he effectively filed his state habeas

22   corpus petition on April 17, 2014.  On that date, Patterson's direct-appeal counsel filed a motion

23   for appointment as his post-conviction counsel.  Ex. 99 (ECF No. 48-6).  Patterson argues that

24   this motion is the functional equivalent of a state post-conviction petition, because he presented

25   multiple claims for relief.  That filing date, in turn, would toll the one-year period under

26   § 2244(d)(2) enough for this action to be timely.

27       That argument is incorrect for Nevada state post-conviction petitions.  The Supreme Court

28   has determined when a petition is properly filed for the purposes of 28 U.S.C. § 2244(d)(2):

4

> [A]n application is "<u>properly</u> filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (emphasis in original). In Nevada, the rule is clear in non-capital cases.[2] A post-conviction petition is considered commenced when the petition itself is filed. <u>See</u> <u>Gonzales v. State</u>, 53 P.3d 901, 903-04 (Nev. 2002). <u>Gonzales</u> does recognize the possibility of good cause to excuse the late filing of a petition due to official interference. <u>Id.</u> at 904 & n.15. However, Patterson does not allege any such official interference. <u>Gonzales</u> rejected the idea of a prison mailbox rule for the filing of a state petition, but the rule applies with equal force in this case. Under state law, Patterson filed his post-conviction petition on February 25, 2015. Under § 2244(d)(2), the state petition was properly filed on February 25, 2015, and not before that date. <u>See</u> <u>Orpiada v. McDaniel</u>, 750 F.3d 1086 (9th Cir. 2014). <u>Orpiada</u> determined that a petition was not properly filed until the state district court received it, because under Nevada law there was no prison mailbox rule. However, the same combination of state law and § 2244(d)(2) applies in this case. The filing of the petition, not the filing of the motion to appoint counsel, is the event that qualifies for tolling. This means that Patterson filed his state petition after the federal period of limitations had expired.

Patterson's citation to <u>Isley v. Arizona Dep't of Corr.</u>, 383 F.3d 1054 (9th Cir. 2004), is inapposite. <u>Isley</u> analyzed § 2244(d)(2) and Rule 32.4 of the Arizona Rules of Criminal Procedure ("Arizona Rule") to determine when a properly filed Arizona post-conviction proceeding is commenced for the purposes of tolling the federal period of limitations. Arizona guarantees the right to counsel, and the right to appointed counsel for indigent petitioners, in its post-conviction proceedings. <u>Isley</u>, 383 F.3d at 1055. A petitioner seeking relief from an Arizona judgment of conviction first must file a notice of post-conviction relief, with a request for relief from the judgment of conviction. <u>Id.</u> The notice then alerts the state court that it might need to appoint counsel. <u>Id.</u> Arizona Rule 32.4(a) itself states that the filing of a notice of post-

---

[2] This is not a capital case. The court makes no statement about what amounts to a properly filed state post-conviction habeas corpus petition in a capital case.

conviction relief commences the post-conviction proceeding. Id. at 1055-56. Consequently, the filing of an Arizona notice of post-conviction relief tolls the one-year period under § 2244(d)(2). Id. at 1056.

Isley did not try to establish a universal rule that a pre-petition motion or notice effectively commences a post-conviction proceeding and starts tolling under § 2244(d)(2). Isley noted that in Voravongsa v. Wall, 349 F.3d 1 (1st Cir. 2003), the First Circuit held that a pre-petition motion for appointment of counsel did not commence a Rhode Island state post-conviction proceeding, and thus did not qualify for tolling under § 2244(d)(2), because Rhode Island law stated that a post-conviction proceeding is commenced with the filing of an application for post-conviction relief with the clerk of the appropriate court. 383 F.3d at 1056.

Nevada has no rule--statutory, judicial, or otherwise--that corresponds with Arizona Rule 32.4. In contrast, Nevada law is functionally identical to Rhode Island law, because a Nevada post-conviction proceeding does not commence until the clerk of the court receives it. Gonzales, 53 P.3d at 903-04. If the court were to hold that Isley applied to toll the federal period under § 2254(d) from the date that Patterson filed his pre-petition motion for appointment of counsel, then the court would be holding that the state petition was properly filed under state law when, in truth, state law did not give that pre-petition motion that effect. Consequently, Isley is inapplicable to Patterson's situation.

**2.      The federal period is not extended because the state deadline came after the federal deadline**

The Nevada Supreme Court issued the remittitur after the direct appeal on February 27, 2014. Patterson had one year from the issuance of the remittitur to file a state post-conviction petition. Nev. Rev. Stat. § 34.726(1). Patterson filed his state post-conviction petition on February 25, 2015. Patterson thus filed a state petition that was timely under state law but after the federal filing deadline of February 24, 2015. Patterson argues that it is not in the interests to justice to dismiss this action because the federal period of limitation expired before the state period of limitations. The court disagrees. The Ninth Circuit has held that the federal period of limitations is not statutorily tolled, equitably tolled, reinstated, or otherwise excused because the

6

state statute of limitations gives a petitioner more time to file a state post-conviction petition than the time the federal period of limitations gives a petitioner to file a federal habeas corpus petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accord, Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). This action is untimely even though Patterson filed a timely state post-conviction petition.

**C.     Equitable tolling is not warranted**

Patterson also argues for equitable tolling because his post-conviction attorney, Lisa Rasmussen, constructively abandoned him. See Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling also can be available "based on a range of attorney misconduct not limited to abandonment." Luna v. Kernan, 784 F.3d 640, 648 (9th Cir. 2015). He does not persuade the court.

**1.     Equitable tolling is not warranted because of the time that post-conviction counsel took to file the state petition**

First, Patterson argues that Rasmussen counsel took 314 days after filing the motion for appointment of post-conviction counsel to file a post-conviction habeas corpus petition, which was timely under state law. The court will compare cases in which the attorney abandoned the client with what happened here.

In Holland, the attorney Collins represented Holland in both the Florida state post-conviction proceedings and federal habeas corpus proceedings. In holding that Collins' conduct might be extraordinary enough to warrant equitable tolling, the Supreme Court succinctly summarized the facts:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

560 U.S. at 652.

1    In Rudin v. Myles, 781 F.3d 1043 (9th Cir. 2015), the Ninth Circuit found that Rudin was

2  entitled to equitable tolling for different reasons at different times.  What is relevant to this case is

3  the inaction of Rudin's first state post-conviction counsel.  He filed nothing.  By the time that the

4  state district court removed him from representing Rudin and appointed replacement counsel,

5  both the state and federal periods of limitation had expired without equitable tolling.  Id. at 1048-

6  53.  The Ninth Circuit held that Rudin was entitled to equitable tolling while her first state post-

7  conviction counsel represented her.  Id. at 1056.

8    In Maples v. Thomas, 565 U.S. 266 (2012), Maples was sentenced to death in an Alabama

9  trial court.  At the start of his state post-conviction proceedings, the state court admitted two out-

10  of-state attorneys pro hac vice to represent Maples.  The concurring opinion succinctly

11  summarized what happened next:

12    Unbeknownst to petitioner, he was effectively deprived of legal representation due
to the combined effect of no fewer than eight unfortunate events: (1) the departure
13   from their law firm of the two young lawyers who appeared as counsel of record in
his state postconviction proceeding; (2) the acceptance by these two attorneys of
14   new employment that precluded them from continuing to represent him; (3) their
failure to notify petitioner of their new situation; (4) their failure to withdraw as
15   his counsel of record; (5) the apparent failure of the firm that they left to monitor
the status of petitioner's case when these attorneys departed; (6) when notice of the
16   decision denying petitioner's request for state postconviction relief was received in
that firm's offices, the failure of the firm's mail room to route that important
17   communication to either another member of the firm or to the departed attorneys'
new addresses; (7) the failure of the clerk's office to take any action when the
18   envelope containing that notice came back unopened; and (8) local counsel's very
limited conception of the role that he was obligated to play in petitioner's
19   representation.

20  565 U.S. at 290 (Alito, J., concurring).  Maples' time to appeal the denial of the post-conviction

21  petition expired before he learned of the denial.  Then, in federal habeas corpus proceedings, the

22  claims that Maples raised in the post-conviction petition were procedurally defaulted because he

23  had not appealed their denial.  The Supreme Court held that Maples had demonstrated cause to

24  excuse the procedural default because his attorneys had abandoned him.  565 U.S. at 289.

25    Nothing like what happened in Holland, Rudin, or Maples happened in Patterson's case.

26  Nor did Rasmussen engage in anything approaching attorney misconduct.  Patterson argues that

27  the pre-petition motion for appointment of counsel was more detailed than the state post-

28  conviction petition that Rasmussen filed on February 25, 2015.  ECF No. 34, at 18-20.  The court

8

1    has reviewed that motion for appointment of counsel.  See Ex. 99 (ECF No. 48-6).  Post-

2    conviction counsel did list seven potential claims of ineffective assistance of trial counsel.  The

3    initial state post-conviction petition listed other claims.  Ex. 12 (ECF No. 7-14).  However, both

4    contain bare-bones allegations.  The court is familiar enough with state-court practice to

5    determine that it was likely that the state courts would have dismissed either the counsel-

6    appointment motion, if treated as a petition, or the initial petition itself because Patterson

7    presented only "'bare' or 'naked' claims for relief, unsupported by factual allegations that would, if

8    true, have entitled him to" relief.  Hargrove v. State, 686 P.2d 222, 225 (Nev. 1984).  However,

9    Rasmussen did not rest on that initial state petition.  The operative petition in the state post-

10   conviction proceedings was the amended post-conviction petition, filed on January 5, 2016.  Ex.

11   14 (ECF No. 7-16 at 1-55).  The amended petition and its supporting contained multiple claims of

12   ineffective assistance of counsel supported by factual allegations.  The rest of exhibit 14 (ECF

13   No. 7-16 at 56-99 and ECF No. 7-17 through 7-32) are numerous exhibits that post-conviction

14   counsel filed in support of the petition.  After the filing of the amended petition, post-conviction

15   counsel litigated the matter in hearings before the state district court, Ex. 26 (ECF No. 50-1 at 6-

16   15), Ex. 108 (ECF No. 49-1), filed a reply brief to the answer, Ex. 16 (ECF No. 7-34), appealed

17   the denial of the state post-conviction petition, filed an opening brief with the Nevada Supreme

18   Court, Ex. 19 (ECF No. 7-37), and filed a reply brief with the Nevada Supreme Court, Ex. 21

19   (ECF No. 7-38).  In short, Rasmussen filed a timely state petition and litigated it to its end.  The

20   court cannot conclude that Rasmussen abandoned or constructively abandoned Patterson, or that

21   Rasmussen engaged in any sort of misconduct.

22              **2.      Equitable tolling is not warranted because post-conviction counsel**

23   **represented Patterson both on direct appeal and state post-conviction proceedings**

24          In a parenthetical comment, Patterson writes, "The fact that Ms. Rasmussen insisted on

25   continuing to represent Mr. Patterson--even though that decision resulted in Mr. Patterson

26   waiving any claims of appellate-counsel-ineffectiveness--is puzzling, and it contributes to a

27   finding of constructive abandonment."  ECF No. 34 at 19.  Rasmussen represented Patterson on

28   direct appeal, and she sought to continue to represent Patterson in the state post-conviction

1  proceedings.  The court agrees with respondents.  See ECF No. 41 at 7 n.1.  The state district

2  court canvassed Patterson before appointing Rasmussen as post-conviction counsel.  Specifically,

3  the state district court cautioned Patterson that he would be waiving all claims of ineffective

4  assistance of appellate counsel.  Patterson understood, and the state district court accepted the

5  waiver.  Ex. 103 (ECF No. 48-10).  The court cannot conclude that Rasmussen's continued

6  representation of Patterson amounted to constructive abandonment or attorney misconduct.

7           **3.          Equitable tolling is not warranted because post-conviction counsel**

8  **consented to the dismissal of an earlier federal habeas corpus petition**

9           Patterson also argues that Rasmussen constructively abandoned him because she

10  consented to the dismissal of his earlier federal habeas corpus petition, Patterson v. Williams,

11  Case No. 2:15-cv-00362-JCM-VCF ("Patterson I").  Rasmussen filed that petition based upon her

12  understanding of Rudin v. Myles, 766 F.3d 1161 (9th Cir. 2014) superseded on rehearing by 781

13  F.3d 1043 (9th Cir. 2015), that she should file a protective federal petition because it was unclear

14  whether Patterson's state post-conviction petition was timely and thus properly filed for the

15  purposes of tolling under 28 U.S.C. § 2244(d)(2).  Rasmussen then argued that under the

16  superseding Rudin opinion, the protective petition was not necessary, and that the court could

17  dismiss the action without prejudice.  Patterson I, ECF No. 16 at 3-4.

18           Rasmussen's concession that Patterson I should be dismissed was not attorney

19  abandonment or misconduct.  Patterson argues:

20           To summarize, Ms. Rasmussen was aware she needed to file a protective petition
             in federal court; she filed one, albeit late; and then she inexplicably failed to argue
21           for a stay and agreed the Court should dismiss the case. These actions jeopardized
             Mr. Patterson's chances of securing merits review in federal court.
22

23  ECF No. 34 at 21.  The court is not holding that the current petition is untimely because Patterson

24  waited until 2017 to file his federal habeas corpus petition.  The court is not considering those

25  two-and-a-half years in its calculations.[3]  The court is holding that the petition is untimely

26  because Patterson filed it after the one-year period expired at the end of February 24, 2015.

27  ―――――――――――――――
    [3] Smith v. Davis, ___ F.3d ___, 2020 WL 1316832 (9th Cir. Mar. 20, 2020) (en banc), rejected a stop-the-clock rule
    for equitable tolling.  The decision is not yet final.  The court acknowledges the decision in Smith, but Smith does not
28  enter into the court's determinations.

                                                    10

Patterson I, filed on March 2, 2015, also was untimely.  Patterson argues that Rasmussen could have sought a stay of Patterson I under Rhines v. Weber, 544 U.S. 269 (2005), while Patterson exhausted his state-court remedies.  Even if Rasmussen did seek a stay and the court granted it, Patterson I still was untimely.  Patterson still would have the exact same problem that he has now.  The court's analysis would not change.  Patterson I was not a golden opportunity that Rasmussen tossed away.  Equitable tolling is not warranted because Rasmussen agreed that the court could dismiss Patterson I.

        **4.**        **Equitable tolling is not available for Rasmussen's miscalculation of the filing deadlines**

In his opposition, Patterson argues:

> A reasonable state post-conviction attorney would've realized the deadline for Mr. Patterson's federal petition came before the deadline for his state petition.  A reasonable state post-conviction attorney therefore would've promptly filed a protective petition in federal court (or would've filed the state petition before the deadline for the federal petition).

ECF No. 34 at 20 (emphasis in original).  In short, Rasmussen miscalculated the expiration of the federal period of limitation.  This is a matter that the Supreme Court and the Ninth Circuit have encountered repeatedly.  In each case, the answer is the same.  "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."  Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).  Accord, Holland, 560 U.S. at 651-52; Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

A Florida jury convicted Lawrence of murder and other charges.  The trial court sentenced Lawrence to death.  The Florida Supreme Court affirmed the conviction and sentence.  The Supreme Court of the United States denied certiorari on January 20, 1998.  549 U.S. at 329-30.

On January 19, 1999, 364 days later, Lawrence filed a post-conviction petition in the Florida trial court.  The trial court denied relief, the Florida Supreme Court affirmed, and that court issued its mandate on November 18, 2002.  Id. at 330.  One day remained in the one-year period of § 2244(d).

1  Lawrence filed a petition for a writ of certiorari in the Supreme Court of the United States.

2  While that petition was pending, he filed a § 2254 habeas corpus petition in the federal district

3  court, 113 days after the Florida Supreme Court issued its mandate.  The federal district court

4  dismissed the petition as untimely.  Under then-existing Eleventh Circuit precedent, after the

5  state-court post-conviction proceedings conclude, the time either to petition for a writ of certiorari

6  or spent on a petition for a writ of certiorari is not tolled under § 2244(d)(2).  549 U.S. at 330-31.[4]

7  As with Lawrence, Patterson is arguing that Rasmussen should have calculated the federal

8  deadline correctly.  The only difference between Lawrence and this case is when the federal

9  period expired in relation to the filing of the state post-conviction petition.  Lawrence filed his

10  state habeas corpus petition one day before the federal period expired, and then he let that last day

11  pass because he miscalculated the deadline.  Patterson filed his state habeas corpus petition one

12  day after the federal period expired because he had miscalculated the deadline.  For both cases,

13  the outcome is the same.  The period expired because the attorney miscalculated the deadline.

14  Lawrence held that attorney miscalculation is insufficient for equitable tolling.  549 U.S. at 336-

15  37.  The court sees no reason why Patterson should receive equitable tolling in the same situation

16  where Lawrence did not receive equitable tolling.

17  **5.  Equitable tolling is not available for any confusion on the law that**

18  **post-conviction counsel might have been under**

19  In Lawrence, the Court considered and rejected three other arguments for equitable

20  tolling.  First, the Court held that Lawrence could not have been reasonably confused about

21  whether time spent on a certiorari petition before the Supreme Court of the United States counted

22  as a pending state post-conviction petition for the purposes of statutory tolling.  Every circuit that

23  had considered the issue had determined that time spent on a certiorari petition after state post-

24  conviction proceedings concluded did not qualify for tolling.  Id. at 336.  Second, the state courts'

25  appointment and supervision of Lawrence's counsel did not make Florida responsible for the

26

27

28  [4] Lawrence affirmed that a petition for a writ of certiorari is not part of state collateral proceedings for the purpose of statutory tolling under 28 U.S.C. § 2244(d)(2).  549 U.S. at 331-36.

12

1    delay. Id. at 337. Third, Lawrence did not show any mental incapacity that could warrant

2    equitable tolling. Id.

3          Of those three issues, only confusion over the law could be relevant to Patterson.

4    Patterson does not argue explicitly that Rasmussen was confused about the law. However, an

5    argument of confusion could be implied from Patterson's argument that Rasmussen should have

6    been aware that the federal filing deadline came before the state filing deadline. The first issue

7    would be whether Rasmussen reasonably could have been confused that the federal one-year

8    period began when the Nevada Supreme Court issued its remittitur on February 27, 2014, and not

9    when the Supreme Court of the United States denied certiorari on February 24, 2014. However,

10   the Supreme Court held well before those dates that the judgment of conviction becomes final,

11   and the one-year period starts, when the Supreme Court denies certiorari. Jimenez v.

12   Quarterman, 555 U.S. 113, 119-20 (2009). The second issue would be whether Rasmussen

13   reasonably could have been confused that the filing of the state post-conviction petition revived

14   the federal one-year period. Ninth Circuit precedent holds "that section 2244(d) does not permit

15   the reinitiation of the limitations period that has ended before the state petition was filed."

16   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Equitable tolling thus is not warranted

17   for any confusion that Rasmussen might have been under.

18          **C.     The court will not address respondents' relation-back arguments**

19          Respondents' motion to dismiss argues that all of the grounds of the second amended

20   petition do not relate back to the initial petition. An amended habeas corpus petition "does not

21   relate back (and thereby escape [28 U.S.C. § 2244(d)(1)'s] one-year time limit) when it asserts a

22   new ground for relief supported by facts that differ in both time and type from those the original

23   pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). Relation back is allowed "[s]o

24   long as the original and amended petitions state claims that are tied to a common core of

25   operative facts . . . ." Id. at 664. Respondents argue that the claims in the second amended

26   petition do not relate back to the initial petition because the initial petition had no factual

27   allegations, and thus no common core of operative fact exists. ECF No. 27 at 7. Respondents

28   argue that the claims in the second amended petition do not relate back to the first amended

petition because Patterson filed the first amended petition after expiration of the federal one-year

period, and thus the first amended petition itself must relate back to a timely petition. Id. at 7-8.

The court will not address the relation-back arguments for two reasons. First, the court

has held that the initial petition itself is untimely and that equitable tolling is not warranted. Even

if claims in the second amended petition could relate back to the initial petition, they would be

relating back to a petition that itself is untimely.

Second, even if the court were to consider respondent's relation-back argument in the

alternative, the issue currently is unsettled. The Ninth Circuit has held for some time that a claim

can relate back to an earlier petition if it shares a common core of operative fact with claim in the

earlier petition, even if the two claims themselves are different. Ha Van Nguyen v. Curry, 736

F.3d 1287, 1297 (9th Cir. 2013), abrogated on other grounds by Davila v. Davis, 137 S. Ct. 2058

(2017)). In his opposition, Patterson argued that a claim can relate back to an earlier claim, even

if that earlier claim was a bare-bones allegation with no supporting facts. ECF No. 34 at 10

(citing Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002)). At the time that Patterson

filed the opposition, the Ninth Circuit had not held that a claim could relate back to an earlier

petition that alleged no facts. Indeed, the Ninth Circuit had held that a claim could not relate back

to an earlier bare-bones claim that promised to develop additional claims once counsel was

appointed. Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012). However, in Ross v.

Williams, 950 F.3d 1160 (9th Cir. 2020) (en banc), the Ninth Circuit relied in part on Dean. Id. at

1170 & n.9. The Ninth Circuit has stayed its mandate while respondents determine whether to

petition for a writ of certiorari. Ross likely would affect the court's relation-back analysis,

particularly if Ross adopts Dean and discards Schneider. Given that the unsettled state of the law,

and given the court's ruling that the initial petition itself is untimely, the court will not address the

relation-back argument.

**D.      The court will not address respondents' other arguments**

Respondents present other arguments beside untimeliness: The failure to exhaust ground

5 and parts of ground 7, the procedural default of ground 3 and possibly other grounds, and the

1  lack of clearly established federal law regarding ground 6. ECF No. 27 at 8-11. The court will

2  not address these arguments now because the court is dismissing the entire action as untimely.

3          **E.      The court will not issue a certificate of appealability**

4        To appeal the denial of a petition for a writ of habeas corpus, Patterson must obtain a

5  certificate of appealability, after making a "substantial showing of the denial of a constitutional

6  right." 28 U.S.C. §2253(c).

7        Where a district court has rejected the constitutional claims on the merits, the
   showing required to satisfy §2253(c) is straightforward: The petitioner must

8        demonstrate that reasonable jurists would find the district court's assessment of the
   constitutional claims debatable or wrong. The issue becomes somewhat more

9        complicated where, as here, the district court dismisses the petition based on
   procedural grounds. We hold as follows: When the district court denies a habeas

10       petition on procedural grounds without reaching the prisoner's underlying
   constitutional claim, a COA should issue when the prisoner shows, at least, that

11       jurists of reason would find it debatable whether the petition states a valid claim of
   the denial of a constitutional right and that jurists of reason would find it debatable

12       whether the district court was correct in its procedural ruling.

13 Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79

14 (9th Cir. 2000). No reasonable jurist would dispute that the court may raise the issue of

15 timeliness sua sponte. No reasonable jurist would dispute that the state post-conviction petition

16 did not toll the already expired federal period of limitation. No reasonable jurist would dispute

17 that, for the purposes of statutory tolling, Patterson did not properly file the state post-conviction

18 petition by filing a pre-petition motion for appointment of counsel; instead, Patterson properly

19 filed his state post-conviction petition when he filed the petition itself. No reasonable jurist

20 would dispute that Patterson's post-conviction counsel abandoned him or engaged in other

21 attorney misconduct. Finally, no reasonable jurist would dispute that post-conviction counsel's

22 miscalculation of the federal filing deadline did not warrant equitable tolling. Consequently, the

23 court will not issue a certificate of appealability.

24 **V.    Conclusion**

25       IT THEREFORE IS ORDERED that respondents motion to dismiss (ECF No. 27) is

26 **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the

27 court will enter judgment accordingly and close this action.

28 ///

15

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: March 26, 2020.

_____

JAMES C. MAHAN
United States District Judge